UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JUANITA VILLAFANE,                      :

                    Petitioner,   :    02 Civ. 8667 (WHP)(HBP)

    -against-                      :    REPORT AND
                                        RECOMMENDATION
SUPERINTENDENT ELAINE LORD,        :

                    Respondent.    :

----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE WILLIAM H. PAULEY, III, United States

District Judge,


I.  Introduction


          Petitioner Juanita Villafane seeks, by her pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C.

Section 2254, an Order vacating the sentence imposed on her on

March 3, 1999, on her guilty plea, by the Supreme Court of the

State of New York, New York County (Scherer, J.), for six counts

of robbery in the first degree, two counts of assault in the

first degree and one count of attempted assault in the first

degree, in violation of New York Penal Law Sections 160.15,

120.10, and 120.10 and 110.00, respectively.  On that date,

petitioner was sentenced as a predicate felon to seven concurrent

determinate terms of imprisonment of twenty-five years on each of

the robbery and assault counts and a concurrent determinate term
of imprisonment of fifteen years on the attempted assault count,
for an aggregate sentence of twenty-five years.  Petitioner is
currently incarcerated pursuant to that judgment.

For the reasons set forth below, I respectfully recom-
mend that the petition be denied.

II.  <u>Facts</u>

A.  Facts Giving Rise to
<u>Petitioner's Conviction</u>

Petitioner's conviction arises out of a string of
extremely violent robberies and assaults committed in lower
Manhattan in late 1997.  The evidence offered at trial, as
summarized in petitioner's brief on direct appeal, established
the following facts.

On December 14, 1997, petitioner and her co-defendant
assaulted and robbed Jenny Sheffield, and undergraduate at New
York University.  While Sheffield was walking to her residence,
petitioner ran up to her, cut her face and demanded money.  After
pulling her hair and kicking her, petitioner and her co-defendant
ran off with Sheffield's bag.  The wound on Sheffield's face
required suturing (Petitioner's Brief to the Appellate Division
of the Supreme Court, dated August 2001 ("Pet. Brf."), at 5-6,

annexed as Exhibit B to the Declaration of Assistant Attorney General Darian B. Taylor, dated April 3, 2003 ("Taylor Decl.")).

The following day, December 15, 1997, petitioner and her co-defendant assaulted and robbed Jonathan Kopp as he entered his apartment building. Petitioner's co-defendant held a knife to Kopp's throat, pushed him to his knees and demanded money. Kopp complied and handed his money to petitioner. After saying something to her co-defendant about mace, petitioner instructed Kopp to open his eyes and sprayed each of Kopp's eyes twice with pepper spray, temporarily blinding him and causing him pain for several days (Pet. Brf. at 6).

On December 17, 1997, petitioner and her co-defendant assaulted and robbed Jenny Isaacs as she entered her apartment building. After throwing Isaac's up against a gate and holding a knife in her face, petitioner's co-defendant held a knife to Isaac's side and demanded money. Isaacs gave petitioner's co-defendant her money, and he punched her in the head (Pet. Brf. at 6).

On December 23, 1997, Kiu Xiang Wu was returning to her home on Delancey Street at approximately 6:30 p.m. Petitioner and her co-defendant followed Wu into her apartment building, grabbed her purse and pushed her head down from behind. Petitioner cut Wu's neck twice. Although Wu tried to escape, petitioner chased her with a knife. Petitioner's co-defendant

pulled petitioner away, and the two left Wu's building. Wu was hospitalized for five days as a result of the stabbing. Medical testimony established that Wu's carotid artery had been slashed in the course of the attack (Pet. Brf. at 4-5).

Five days later, on December 28, 1997, petitioner and her co-defendant assaulted and robbed Carlos Rivera as he was walking home from his girlfriend's apartment. Rivera was hit on the head and repeatedly stabbed in the chest. Rivera suffered very serious internal injuries as a result of the attack and was hospitalized until early February (Pet. Brf. at 4).

Petitioner and her co-defendant were arrested on December 30, 1997; initially, they were arrested solely in connection with the Rivera stabbing. After being arrested and advised of her rights, petitioner admitted to having participated in the robberies and assaults described above in addition to the robbery of Laura Gratwick on December 18, 1997 (Taylor Decl. Ex. A at 49-51, 55-56, 60).

After the commencement of petitioner's trial, petitioner decided to plead guilty to the offenses described above and to waive her right to appeal in return for an aggregate determinate sentence of twenty-five years (Transcript of Proceedings, dated February 9, 1999 (Docket Item 12) ("Plea Tr."), at 531).

Prior to accepting petitioner's plea, the Trial Court conducted a searching inquiry to ensure that the plea was knowing and voluntary in all respects; the allocution included the following testimony from petitioner:

THE COURT:       Ms. Villafane, do you understand that you're
                 pleading to six counts of robbery in the first
                 degree, two counts of assault in the first degree
                 and one count of attempted assault in the first
                 degree.  Do you understand that?

THE DEFENDANT: Yes.

THE COURT:       And have you had enough time to discuss these
                 pleas with your attorney, Mr. Brackley?

THE DEFENDANT: Yes.

THE COURT:       And I assume, Ms. Villafane, that this is not the
                 first time you've had a conversation with Mr.
                 Brackley about the possibility of pleading guilty
                 in this case; is that correct?

THE DEFENDANT: That's correct.

THE COURT:       So on this occasion, and on other occasions, you
                 have had an ample opportunity to discuss with Mr.
                 Brackley what your potential exposure might be,
                 what the extent of your case is and what defenses
                 you might have to this action, and any other ques-
                 tions that might cross your mind, in order for you
                 to make an intelligent judgment about this; is
                 that correct?

THE DEFENDANT: Yes.

[THE COURT]:     Has Mr. Brackley adequately answered all those
                 questions for you?

THE DEFENDANT: Yes.

THE COURT:       And I would note also, for the record, that your
                 father is present in court today; is that correct?

THE DEFENDANT: My husband.

THE COURT:          It's your husband?

THE DEFENDANT: Yes.

THE COURT:          And is it true that you have on other occasions
                    discussed the possibility of pleading guilty with
                    him?

THE DEFENDANT: Yes.

THE COURT:          For the record I gave you the opportunity to have
                    a court visit with him and were you able, and did
                    you discuss with him the advisability of your
                    pleading guilty in this case?

THE DEFENDANT: Yes.

THE COURT:          So, I take it from all of this that you have had
                    ample opportunity to think about it; to consider
                    and discuss this with any people that you thought
                    could assist you in making this determination; is
                    that correct?

THE DEFENDANT: Yes.

THE COURT:          So, is it true that you are entering this plea
                    voluntarily or have you been coerced in any way?
                    It's one or the other; voluntarily or coerced.

THE DEFENDANT: Voluntarily.

THE COURT:          Nobody has pressured you or threatened or forced
                    you in any way to plead guilty; is that correct?

THE DEFENDANT: That's correct.

THE COURT:          Okay.  And you understand that I have promised you
                    a sentence of twenty-five years determinate; to
                    run concurrent on all these cases.  You understand
                    that promise?

THE DEFENDANT: Yes.

THE COURT:          And has anyone promised you anything else?

THE DEFENDANT: No.

THE COURT:          Okay.

And you understand that a condition of that promise is that you waive your right to appeal in this matter?  The only appealable issues really arise out of the hearing and this proceeding, now that we are engaged in the sentencing proceeding.

You understand that by waiving your right to appeal, this case is finally and completely over.  That no other judge or judges will review what happened at the suppression hearing or what's happening today in court, in terms of taking this plea.

Nobody will ever look at it again.  It will be the final thing.  Rather, this plea will be the final proceeding but for the sentence in this case.  Do you understand that?

THE DEFENDANT: Yes.

THE COURT:     Have you discussed that with Mr. Brackley the waiver of appeal?  And has he explained to you all of the ramifications of exactly what that means?

THE DEFENDANT: Yes.

THE COURT:     And answered all your questions about that?

THE DEFENDANT: Yes.

                    *      *      *

THE COURT:     Ms. Villafane, during the course of this trial, the possibility of a defense has been raised by you, through your attorney, Mr. Brackley.

During the course of this trial, there's also been testimony and evidence with respect to certain confessions that you made to police officers or detectives or sergeant[s], after you were apprehended in this case.

You're familiar with all of this; is that correct?

THE DEFENDANT: Yes.

THE COURT:        And those confession[s] that you made to police
                  officers about your reasons or reason, rather, for
                  committing these crimes, was that the truth?

THE DEFENDANT: Yes.

THE COURT:        So, is it true that you committed these crimes
                  with Mr. Santiago because of your drug addiction
                  and because of your need for money in order to buy
                  drugs; is that true?

THE DEFENDANT: Yes.

                            *    *    *

THE COURT:        The possibility of a defense in this case which
                  would explain your conduct in any way other than
                  you have just described it to me, you've discussed
                  the strategy of using another defense in this case
                  with Mr. Brackley?

THE DEFENDANT: Yes.

THE COURT:        And he's answered whatever questions you might
                  have about the viability or the believability or
                  the success that you might have at trial by as-
                  serting any other defense; is that correct?

THE DEFENDANT: Yes.

THE COURT:        And do I understand you completely now, that the
                  reason that you committed these crimes was because
                  of your and Mr. Santiago's drug addiction, and
                  your lack of money to buy drugs?  Is that the
                  reason these crimes were committed?

THE DEFENDANT: Yeah.

(Plea Tr. at 533-37, 547-49).

        Petitioner was sentenced on March 3, 1999 as indicated

above (Taylor Decl. Ex. A at 9, 14-16).

B.  Proceedings on
    Direct Appeal

Notwithstanding her waiver of appellate rights, peti-
tioner appealed her conviction to the Appellate Division of the
Supreme Court, First Department, asserting two claims:

> 1.  Whether appellant's sentence should be vacated, and
> her case remanded for re-sentencing, to be preceded by
> the preparation of a complete and updated pre-sentence
> report that would include a social history and documen-
> tation that the battered women's syndrome lowered
> appellant's resistance to her co-defendant's demands
> that she participate in the charged crimes.  C.P.L. §§
> 390.20; 390.30.
>
> 2.  Whether a sentence of 25 years for each of the six
> robberies and two assaults was excessive where appel-
> lant committed these crimes while in virtual enslave-
> ment to a violent man with whom she had an abusive
> relationship, and who had recently stabbed her because
> he was dissatisfied with her cooking, and had threat-
> ened to do further harm to her and to her children if
> she did not assist him in the robberies; and whether
> the sentence of 15 years for attempted assault was
> excessive where the court imposed the maximum sentence
> even though this was the first time that appellant had
> committed a violent crime.  C.P.L. §§ 470.15(2)(c) and
> (3).

(Taylor Decl. Ex. B at 2).

The Appellate Division affirmed petitioner's conviction
and sentence, stating:

> Judgments, Supreme Court, New York County (Micki
> Scherer, J.), rendered March 3, 1999, convicting defen-
> dant, upon her pleas of guilty, of robbery in the first
> degree (six counts), assault in the first degree (two
> counts) and attempted assault in the first degree, and
> sentencing her, as a second felony offender, to eight
> terms of 25 years and a term of 15 years, all to run
> concurrently, unanimously affirmed.

By failing to request any remedy, defendant did
not preserve her current claim that the pre-sentence
report was not adequate to inform the court fully
regarding defendant's personal background, including
her claim that she was a victim of battered women's
syndrome, and we decline to review it in the interest
of justice (<u>People v Scott</u>, 251 AD2d 248; <u>People v
Smallwood</u>, 212 AD2d 449, <u>lv</u> <u>denied</u> 86 NY2d 741).
Defendant's assertion that the report was the func-
tional equivalent of no report at all is unfounded.
Were we to review defendant's claim, we would find no
basis for a remand for resentencing.  Any deficiencies
in the personal history section of the report were the
result of defendant's refusal to be interviewed (<u>see</u>,
<u>People v Greene</u>, 209 AD2d 541, <u>lv</u> <u>denied</u> 85 NY2d 909).
In any event, prior to imposing the negotiated sen-
tence, the court was in possession of, inter alia, an
evaluation of defendant by a defense psychologist and
was fully apprised of all the information defendant now
claims should have been included in the pre-sentence
report (<u>see</u>, <u>People v Scott</u>, <u>supra</u>).

Defendant's valid waiver of her right to appeal
forecloses review of her excessive sentence claim
(<u>People v Seaberg</u>, 74 NY2d 1, 9-10).  In any event, we
perceive no basis for a reduction of sentence.

<u>People v. Villafane</u>, 294 A.D.2d 117, 117-18, 740 N.Y.S.2d 872,

872-73 (1st Dep't 2002).

Petitioner subsequently sought leave to appeal to the

New York Court of Appeals asserting the same claims that she

raised before the Appellate Division.  The New York Court of

Appeals denied petitioner leave to appeal on June 24, 2002.

<u>People v. Villafane</u>, 98 N.Y.2d 682, 774 N.E.2d 237, 746 N.Y.S.2d

472 (2002).

Petitioner asserts here the same two claims she raised

on her direct appeal.  Respondent opposes the petition on the

grounds of procedural bar and on the merits.

10

III.  <u>Analysis</u>

    A.  Petitioner's Claim
        Concerning the Adequacy
        <u>of the Presentence Report</u>

      Assuming that the petitioner's claim concerning the

adequacy of the presentence report states a federal claim that is

cognizable in a habeas corpus proceeding, the claim should be

dismissed because it is a procedurally barred.

      A habeas petitioner's constitutional claim can be

procedurally barred where it is not asserted in state court

proceedings in accordance with state procedural requirements and

the state courts rely on that violation of state procedural

requirements to reject the claim.  As the Court of Appeals for

the Second Circuit has explained:

> The independent and adequate state ground doctrine
> first arose in the context of direct appeals to the
> Supreme Court from final judgments of the state courts.
> Under that doctrine the Supreme Court "will not review
> a question of federal law decided by a state court if
> the decision of that court rests on a state law ground
> that is independent of the federal question and ade-
> quate to support the judgment." <u>Coleman v. Thompson</u>,
> 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640
> (1991).  Moreover, "[t]his rule applies whether the
> state law ground is substantive or procedural." <u>Id</u>.
>
>      *     *     *
>
> The doctrine also applies in the context of fed-
> eral courts reviewing applications for a writ of habeas
> corpus . . . .  [I]nvoking principles of comity and
> federalism . . . federal habeas courts faced with an
> independent and adequate state ground of decision defer

in the same manner as does the Supreme Court on direct
review.

* * *

An exception obtains only if the petitioner demon-
strates both good cause for and actual prejudice re-
sulting from his noncompliance with the state's proce-
dural rule. See Engle v. Isaac, 456 U.S. 107, 129, 102
S.Ct. 1558, 71 L.Ed.2d 783 (1982); Wainwright v. Sykes,
433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Garcia v. Lewis, 188 F.3d 71, 76-77 (2d Cir. 1999). See also

Cotto v. Herbert, 331 F.3d 217, 239-41 (2d Cir. 2003); Rhagi v.

Artuz, 309 F.3d 103, 106 (2d Cir. 2002) ("Absent a showing of

cause and prejudice, it is settled law that an independent and

adequate state law ground for a state court conviction cannot be

disturbed on habeas."), citing Coleman v. Thompson, 501 U.S. 722,

729-31 (1991); Morales v. Artuz, 98 Civ. 6558 (JGK), 2000 WL

1693563 at *5-*6 (S.D.N.Y. Nov. 13, 2000), aff'd, 281 F.3d 55 (2d

Cir. 2002); Norwood v. Hanslmaier, 93 CV 3748, 1997 WL 67669 at

*2 (E.D.N.Y. Feb. 11, 1997).

Dismissal of a claim on the ground that consideration

of the merits is precluded by an adequate and independent state

procedural ground is appropriate where the last reasoned state

court decision expressly relies on a state procedural bar:

In Harris [v. Reed], 489 U.S. 255, 109 S.Ct. 1038, 103
L.Ed.2d 308 (1989)], the Court held that "a procedural
default does not bar consideration of a federal claim
on either direct or habeas review unless the last state
court rendering a judgment in the case clearly and
expressly states that its judgment rests on a state
procedural bar." Harris, 489 U.S. at 263, 109 S.Ct.
1038 (internal quotation marks omitted). We apply the

12

> > _Long/Harris_ presumption to the last "reasoned state
> > judgment" . . . . _See_ _Ylst v. Nunnemaker_, 501 U.S.
> > 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

_Jones v. Stinson_, 229 F.3d 112, 118 (2d Cir. 2000). _See also_
_Galarza v. Keane_, 252 F.3d 630, 637 (2d Cir. 2001) ("We have
repeatedly stated that in order for federal habeas review to be
procedurally barred, a state court must actually have relied on a
procedural bar as an independent basis for its disposition of the
case, and the state court's reliance on state law must be unam-
biguous and clear from the face of the opinion.").

    As long as the state court relies on a procedural bar
as an independent basis for its decision, a claim will be proce-
durally barred on federal habeas review even where a state court
addresses the merits of the claim in the alternative.  As the
Court of Appeals has noted:

> > This court has held that "federal habeas review is
> > foreclosed when a state court has expressly relied on a
> > procedural default as an independent and adequate state
> > ground, even where the state court has also ruled in
> > the alternative on the merits of the federal claim."
> > _Velasquez v. Leonardo_, 898 F.2d 7, 9 (2d Cir. 1990);
> > _Harris_, 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10
> > ("[A] state court need not fear reaching the merits of
> > a federal claim in an alternative holding."); _Wedra v._
> > _Lefevre_, 988 F.2d 334, 338-39 (2d Cir. 1993).

_Glenn v. Bartlett_, 98 F.3d 721, 724 (2d Cir. 1996).  _See also_
_Fama v. Comm'r of Corr. Servs._, 235 F.3d 804, 810 (2d Cir. 2000);
_Johnson v. Dufrain_, 99 Civ. 12019 (DC), 2001 WL 406261 at *5
(S.D.N.Y. Apr. 20, 2001); _Torres v. Irvin_, 33 F. Supp.2d 257, 264
(S.D.N.Y. 1998).

In this case the Appellate Division expressly found
that petitioner's claim concerning the presentence report was
unpreserved:

> By failing to request any remedy, defendant did
> not preserve her current claim that the presentence
> report was not adequate to inform the court fully
> regarding defendant's personal background to inform the
> court fully regarding defendant's personal background,
> including her claim that she was a victim of battered
> women's syndrome, and we decline to review it in the
> interest of justice (<u>People v. Scott</u>, 251 AD2d 248;
> <u>People v Smallwood</u>, 212 AD2d 449, <u>lv</u> <u>denied</u> 86 NY2d
> 741).

<u>People v. Villafane</u>, <u>supra</u>, 294 A.D.2d at 117, 740 N.Y.S.2d at
872.

Petitioner might be able to overcome this procedural
bar by showing cause for and prejudice from her procedural
default or by showing that a failure to consider her claim would
result in a fundamental miscarriage of justice.  <u>See</u> <u>Coleman v.</u>
<u>Thompson</u>, <u>supra</u>, 501 U.S. at 750 ("In all cases in which a state
prisoner has defaulted his federal claims in state court pursuant
to an independent and adequate state procedural rule, federal
habeas review of the claims is barred unless the prisoner can
demonstrate cause for the default and actual prejudice as a
result of the alleged violation of federal law, or demonstrate
that failure to consider the claims will result in a fundamental
miscarriage of justice."); <u>Engle v. Isaac</u>, 456 U.S. 107, 129
(1982) ("[W]hen a procedural default bars state litigation of a
constitutional claim, a state prisoner may not obtain federal

habeas relief absent a showing of cause and actual prejudice."). Petitioner has not, however, even attempted to make either showing.

Accordingly, petitioner's claim concerning the presentence report should be dismissed on the ground of procedural bar.

    B.  Petitioner's Claim Concerning
        the Duration of Her Sentence

Respondent contends that petitioner's claim concerning the duration of her sentence is unexhausted, procedurally barred and fails on the merits.  Assuming without deciding that petitioner's claim concerning the duration of her sentence also states a cognizable federal claim, I conclude that it is unexhausted, it is not procedurally barred, but that it fails on the merits.

It is fundamental that a state prisoner seeking to vacate her conviction on the ground that her federal constitutional rights were violated must first exhaust all available state remedies.  28 U.S.C. § 2254(b); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Picard v. Connor, 404 U.S. 270, 275 (1971); Fama v. Comm'r of Corr. Servs., supra, 235 F.3d at 808.  As the Court of Appeals has noted:

        If anything is settled in habeas corpus jurisprudence,
        it is that a federal court may not grant the habeas
        petition of a state prisoner "unless it appears that

15

the applicant has exhausted the remedies available in
the courts of the State; or that there is either an
absence of available State corrective process; or the
existence of circumstances rendering such process
ineffective to protect the rights of the prisoner." 28
U.S.C. § 2254(b)(1).

Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001).

A two-step analysis is used to determine whether a

claim has been exhausted:

First, the petitioner must have fairly presented
to an appropriate state court the same federal consti-
tutional claim that he now urges upon the federal
courts. . . .

Second, having presented his federal constitu-
tional claim to an appropriate state court, and having
been denied relief, the petitioner must have utilized
all available mechanisms to secure [state] appellate
review of the denial of that claim.

Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) (citations

omitted), overruled on other grounds, Daye v. Attorney Gen.,

696 F.2d 186, 191 (2d Cir. 1982) (en banc); see also Baldwin v.

Reese, supra, 541 U.S. at 28; McKethan v. Mantello, 292 F.3d 119,

122 (2d Cir. 2002), quoting Ramirez v. Attorney Gen., 280 F.3d

87, 94 (2d Cir. 2001); accord Powell v. Greiner, 02 Civ. 7352

(LBS), 2003 WL 359466 at *1 (S.D.N.Y. Feb. 18, 2003); Alston v.

Senkowski, 210 F. Supp.2d 413, 417 (S.D.N.Y. 2002); Boyd v. Hawk,

94 Civ. 7121 (DAB), 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996).

To satisfy the first element of the exhaustion test, a

habeas petitioner must fairly present his federal claim to the

state courts. Anderson v. Harless, 459 U.S. 4, 6 (1982); Cox v.

<u>Miller</u>, 296 F.3d 89, 99 (2d Cir. 2002); <u>Galarza v. Keane</u>, 252
F.3d 630, 638 (2d Cir. 2001); <u>Daye v. Attorney Gen.</u>, <u>supra</u>, 696
F.2d at 191.  In <u>Daye v. Attorney Gen.</u>, <u>supra</u>, 696 F.2d at 194,
the Court of Appeals set forth the methods by which a federal
claim can be fairly presented to a state court:

> [T]he ways in which a state defendant may fairly
> present to the state courts the constitutional nature
> of his claim, even without citing chapter and verse of
> the Constitution, include (a) reliance on pertinent
> federal cases employing constitutional analysis, (b)
> reliance on state cases employing constitutional analy-
> sis in like fact situations, (c) assertion of the
> claims in terms so particular as to call to mind a
> specific right protected by the Constitution, and (d)
> allegation of a pattern of facts that is well within
> the mainstream of constitutional litigation.

<u>See</u> <u>also</u> <u>Strogov v. Attorney Gen.</u>, 191 F.3d 188, 191 (2d Cir.
1999) (A claim is considered fairly presented when it has "in-
formed [the State] courts of 'all the essential factual allega-
tions' and 'essentially the same legal doctrine [asserted] in
[the] federal petition.'"), <u>quoting</u> <u>Daye v. Attorney Gen.</u>, <u>supra</u>,
696 F.2d at 191-92.  An argument to a state appellate court that
a conviction or sentence is in derogation of state law does not
fairly present a federal claim.  <u>Gray v. Netherland</u>, 518 U.S.
152, 162-63 (1996); <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995);
<u>Picard v. Connor</u>, <u>supra</u>, 404 U.S. at 277-78.

To satisfy the second step of the analysis, "[a]
petitioner must present his federal constitutional claims to the
highest court of the state before a federal court may consider

the merits of the petition." Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991); see also O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999).  Exhaustion requires that a prisoner must even pursue discretionary state appellate remedies before he can raise a claim in a habeas corpus proceeding.  O'Sullivan v. Boerckel, supra, 526 U.S. at 846-48.

Unexhausted claims are deemed exhausted if the petitioner no longer has any remedy available in the state courts. Gray v. Netherland, supra, 518 U.S. at 161; Engle v. Isaac, supra, 456 U.S. at 124 n.28; Nevarez v. Artuz, 99 Civ. 2401 (LBS), 2000 WL 718450 at *3 (S.D.N.Y. June 5, 2000); Hurd v. Stinson, 99 Civ. 2426 (LBS), 2000 WL 567014 at *7 (S.D.N.Y. May 10, 2000).

> This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," federal habeas courts also must deem the claims procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Aparicio v. Artuz, supra, 269 F.3d at 90.

In the absence of a showing of cause for and prejudice from the failure to raise the claim in conformity with state procedural requirements or a fundamental miscarriage of justice, such a claim, although deemed exhausted, will be forfeited and barred from serving as the basis for habeas relief.

> Where a petitioner has failed to present his or her
> federal claims to the state courts in accordance with
> state procedural requirements, and no longer has re-
> course to state review, he or she will be found to have
> met the exhaustion requirement of 28 U.S.C. §2254(b);
> however, the claims will be subject to procedural bar
> in this court.  See Coleman v. Thompson, 501 U.S. 722
> (1991); Castille v. Peoples, 489 U.S. 346, 350 (1989);
> Teague v. Lane, 489 U.S. 288, 297-98 (1989).  If there
> is such a procedural bar, the claim cannot be heard
> absent a showing of cause for the procedural default
> and prejudice.  Wainwright v. Sykes, 433 U.S. 72
> (1977).

Norwood v. Hanslmaier, supra, 1997 WL 67669 at *2; see also

Coleman v. Thompson, supra, 501 U.S. at 750; Engle v. Isaac,

supra, 456 U.S. at 129.

Petitioner's brief on direct appeal raised no federal

issue whatsoever concerning her sentencing.  Petitioner used none

of the four alternative methods outlined in Daye v. Attorney

General, supra, 696 F.2d at 194, to assert the violation of any

federally protected right.  Although petitioner did argue that

her sentence was too long, she argued that it was too long in

light of her allegedly impaired mental state and that her sen-

tence should be reduced "in the interest of justice" (Taylor

Decl. Ex. B at 26).  She made no argument that even remotely

suggested that the sentence gave rise to a constitutional issue.

The weight of authority holds that an excessive-sentence argument

based on the alleged abuse of the sentencing court's discretion,

such as that made here, does not exhaust an Eighth Amendment

claim.  Anderson v. Phillips, 03 CV 5192 NGG, 2005 WL 1711157 at

*4-*5 (E.D.N.Y. July 20, 2005); <u>Acosta v. Giambruno</u>, 326 F. Supp.2d 513, 521-22 (S.D.N.Y. 2004); <u>Reyes v. Phillips</u>, 02 Civ. 7319 (LBS), 2003 WL 42009 at *3 (S.D.N.Y. Jan. 6, 2003); <u>Santana v. Artuz</u>, 97 Civ. 3387 (RCC)(RLE), 2001 WL 474207 at *3 (S.D.N.Y. May 1, 2001); <u>Bordas v. Walker</u>, 97 Civ. 2982 (MGC), 2000 WL 1867915 at *2, (S.D.N.Y. Dec. 21, 2000); <u>Cuadrado v. Stinson</u>, 992 F. Supp. 685, 687 (S.D.N.Y. 1998).

 Respondent, however, is incorrect in asserting that the claim is now procedurally barred because petitioner is no longer able to raise this claim in state court. New York Criminal Procedure Law Section 440.20 permits prisoner to assert collateral attacks on allegedly illegal sentences, and, unlike motions under Criminal Procedure Law Section 440.10 attacking a judgment of conviction, an attack on a sentence pursuant to Section 440.20 is not barred by the prisoner's unjustified failure to assert the claim on direct appeal. <u>Santana v. Artuz</u>, <u>supra</u>, 2001 WL 474207 at *3; <u>Bordas v. Walker</u>, <u>supra</u>, 2000 WL 1867915 at *2.[1] Since petitioner remains able to assert an Eighth Amendment claim in state court, I conclude that it is unexhausted but not procedurally barred.

---

[1]In the absence of an intervening change in the law, a collateral attack on a sentence is barred, however, where the claim sought to asserted in a 440.20 motion was actually made and rejected on direct appeal. N.Y. Crim. Proc. L. § 440.20(2).

Although it is unexhausted, this court may still consider the claim on the merits to reject the claim. 28 U.S.C. § 2254(b)(2); Rhines v. Weber, 544 U.S. 269, ___, 125 S.Ct. 1528, 1535 (2005). Given the claim's patent lack of merit, I conclude that the most efficient course is to interpret petitioner's claim as asserting that her sentence violates the Eighth Amendment because it is excessive and to reject the claim on the merits.[2]

A sentence may violate the Eighth Amendment when the sentence is "grossly disproportionate" to the crime committed or when the sentence imposed "shocks the collective conscience of society." United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir. 1991); see also Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991); United States v. Romano, 825 F.2d 725, 731 (2d Cir. 1987); Pressley v. Bennett, 235 F. Supp.2d 349, 368-69 (S.D.N.Y. 2003); Calderon v. Keane, 97 Civ. 2116 (RCC)(JCF), 2002 WL 1205745 at *14 (S.D.N.Y. Feb. 21, 2002) (Report & Recommendation), adopted, 2003 WL 22097504 (S.D.N.Y. Sept. 9, 2003), aff'd without published opinion, 115 Fed. Appx. 455 (2d Cir. 2004); Sutton v. Herbert, 39 F. Supp.2d 335, 337 (S.D.N.Y. 1999); see generally Ewing v. California, 538 U.S. 11 (2003).

---

[2]Because petitioner's Eighth Amendment claim is unexhausted, the state courts could not have addressed it on the merits and, therefore, this court cannot apply the deferential standard of review set forth in 28 U.S.C. § 2254(d). Nevertheless, the claim fails even under a de novo standard of review.

If petitioner is challenging the sentence imposed as an abuse of the Trial Court's discretion, she has failed to state a cognizable constitutional claim. A sentence within the range established by state law, as the sentence here clearly was,[3] is ordinarily not subject to an Eighth Amendment challenge. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam); Diaz v. Herbert, 317 F. Supp.2d 462, 479-80 (S.D.N.Y. 2004); Brown v. Goord, 02 Civ. 2122 (NRB), 2002 WL 31093611 at *5 (S.D.N.Y. Sept. 13, 2002); Espinal v. Barkely, 95 Civ. 1214 (HB), 1996 WL 673833 at *1 (S.D.N.Y. Nov. 20, 1996); Rodriguez v. O'Keefe, 96 Civ. 2094 (LLS), 1996 WL 428164 at *7 (S.D.N.Y. July 31, 1996), aff'd, 122 F.3d 1057 (2d Cir. 1997).

If petitioner is claiming that her sentence is so disproportionately long that it constitutes an Eighth Amendment violation, her claim also fails. As stated by the Supreme Court, a habeas court will find that a state-law sentence is "grossly disproportionate" and violates the Eighth Amendment only "in the 'exceedingly rare' and 'extreme' case." Lockyer v. Andrade, supra, 538 U.S. at 73, quoting Harmelin v. Michigan, supra, 501 U.S. at 1001; accord Ewing v. California, supra, 538 U.S. at 21;

---

[3]New York classifies robbery in the first degree as a Class B felony. N.Y. Penal L. § 160.15. At the time of petitioner's sentencing, and individual who was guilty of robbery in the first degree and had a prior felony conviction, as petitioner had (see Plea Tr. 550-52), was subject to a determinate sentence of 8 to 25 years. N.Y. Penal L. § 70.06(6)(a).

Whitlatch v. Senkowski, 344 F. Supp.2d 898, 905-07 (W.D.N.Y. 2004); Vasquez v. Walker, 01 Civ. 8032 (AKH), 2004 WL 594646 at *5 (S.D.N.Y. Mar. 25, 2004); Ayala v. People, 03 Civ. 2762 (AKH), 2004 WL 527035 at *5 (S.D.N.Y. Mar. 16, 2004); Williams v. Philips, 02 Civ. 5811 (DC), 2003 WL 21961127 at *8 (S.D.N.Y. Aug. 18, 2003).

Petitioner here engaged in a particularly shocking series of robberies. Two of the victims -- Kiu Xiang Wu and Carlos Rivera -- suffered nearly fatal stab wounds, and another victim -- Jonathan Kopp -- was viciously and sadistically sprayed in the eyes with pepper spray after he had surrendered his property. Finally, petitioner brutally slashed Jenny Sheffield's face in the course of robbing her.

Given the aggravated nature of petitioner's crimes, petitioner's sentence here does not shock the conscience and is entirely ordinary. Other courts have reviewed sentences similar to that imposed upon petitioner for comparable offenses and have uniformly upheld such sentences as not violating the Eighth Amendment. See Brown v. Goord, supra, 2002 WL 31093611 at *5-*6 (upholding sentence, as persistent violent felony offender, of consecutive indeterminate prison terms of twenty-five years to life on two first degree robbery counts); Bryant v. Bennett, 00 Civ. 5692 (AGS)(AJP), 2001 WL 286776 at *7 (S.D.N.Y. Mar. 2, 2001) (upholding sentence, as persistent violent felony offender,

of consecutive prison terms of fifteen years to life on two first degree robbery counts and noting that petitioner's sentence was below the minimum sentence authorized); see also Douglas v. Fisher, 04 Civ. 3494 (NRB), 2004 WL 2914083 at *1, *6 (S.D.N.Y. Dec. 16, 2004) (upholding sentence of indeterminate consecutive terms of imprisonment of eight to sixteen years on two counts of first degree robbery); William v. Greiner, 02-CV-1116 (JBW), 2003 WL 23198759 at *1, *14 (E.D.N.Y. Nov. 26, 2003) (upholding sentence of consecutive terms of imprisonment totaling eighteen to thirty-six years on four counts of first degree robbery and one count of criminal possession of a weapon in the second degree); Naranjo v. Filion, 02 Civ. 5449 (WHP)(AJP), 2003 WL 1900867 at *13 (S.D.N.Y. Apr. 16, 2003) (upholding sentence of two consecutive terms of twelve and one-half to twenty-five years imprisonment on two first degree robbery counts).

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that the petition be dismissed.

In addition, since petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued.  28 U.S.C. § 2253.  To warrant the issuance of certificate of appealability, "petitioner must show that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Middleton v. Attorneys General of States of N.Y. & Pennsylvania</u>, 396 F.3d 207, 209 (2d Cir. 2005) (<u>per</u> <u>curiam</u>)(quotation marks omitted); <u>see</u> <u>also</u> <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005) (<u>per</u> <u>curiam</u>). For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner's claim concerning the presentence report is procedurally barred and that her claim concerning the duration of her sentence fails on the merits.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

V. <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections. <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of

the Honorable William H. Pauley, III, United States District

Judge, 500 Pearl Street, Room 2210, New York, New York 10007, and

to the chambers of the undersigned, 500 Pearl Street, Room 750,

New York, New York 10007. Any requests for an extension of time

for filing objections must be directed to Judge Pauley. FAILURE

TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJEC-

TIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474

U.S. 140, 155 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9

F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298,

300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59

(2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir.

1983).

Dated:  New York, New York
        April 7, 2006

                              Respectfully submitted,

                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Ms. Juanita Villafane
DIN No. 99-G-0373
Bedford Hills Correctional Facility
247 Harris Road
P.O. Box 1000
Bedford Hills, New York 10507-2499

Darian B. Taylor
Assistant Attorney General
State of New York
22nd Floor
120 Broadway
New York, New York 10271